## Gould *versus* McFall.

1. A judgment given by a justice of the peace against a married woman in a joint action against the husband and wife is void, unless the record shows that the debt for which the suit was brought was contracted by the wife, and incurred for articles necessary for the support of the family of said husband and wife.

2. On an appeal of the case by the wife, under a plea of coverture, to a declaration charging the husband and wife jointly, judgment can not be entered for want of the appellant's appearance when the case is called for trial.

3. The court is warranted in entering judgment against a married woman only when the proof required by the statute is made.

Hecker *v.* Haak, 7 Norris, 238, followed.

October 27th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas No. 2, of *Allegheny county:* Of October and November Term, 1885, No. 52.

This was an action on a book account for groceries brought by Robert McFall against William L. Gould and Caroline Gould, his wife, before an alderman. The alderman gave judgment for the plaintiff for $25.26. Caroline Gould appealed. There was nothing in the alderman's transcript to show a liability on part of the wife. The plaintiff filed his declaration in assumpsit, charging a joint contract by the husband and wife. Caroline Gould pleaded coverture and non-assumpsit.

When the case was reached on the trial list, the defendants not being in court, the plaintiff moved for and the court granted judgment against the defendants under the 94th Rule of the court below, which provides that:

"In appeals from justices, when the cause is called for trial and the appellant does not appear, the court, on motion of the opposite party, may enter judgment for the same amount as the judgment of the justice, with interest and costs."

Execution having issued against Mrs. Gould, she moved the court to set aside the judgment and execution against her because—

1. The statute provides that, where actions are brought to charge the estates of married women for necessaries:

"That judgment shall not be rendered against the wife in such joint action, unless it shall have been proved that the debt sued for in such action was contracted and incurred for articles necessary for the support of the family of the said husband and wife:" Act of 11th April, 1848.

[Gould v. McFall.]

The record in this case shows that there was no trial and no proof of anything under the proceeding by which the plaintiff claims to have judgment.

2. The declaration is not sufficient to charge the estate of the defendant, Caroline Gould.

3. The plea of coverture by the defendant put the plaintiff to actual proof of every essential needed to charge her estate.

4. The record and pleadings do not disclose the liability of the defendant, Caroline Gould.

5. Under Rule 94 the judgment may be good against the husband, but it is not good against the wife, for the reason that as to her it contravenes the statute.

6. The transcript of the magistrate on which the plaintiff elected to take judgment under Rule 94 does not disclose a case against the defendant, wife.

The court refused to strike off the judgment and execution, whereupon Mrs. Gould took this writ of error, filing the following assignments of error:

1. The court erred in entering judgment against Caroline Gould, the judgment being:

"And now, October 16, 1883, on trial list, and appellants not appearing in court when called, on motion of plaintiff's counsel judgment is entered in favor of plaintiff and against the defendants for $25.26, with interest from July 3, 1880, and cost of suit (being the amount of the judgment before the justice)."

2. The court erred in entering judgment against the defendant below, Caroline Gould, on the declaration in this case.

A. Blakeley (with whom was A. M. Blakeley), for plaintiff in error.

There was no appearance or paper book for the defendant in error.

Mr. Justice GORDON delivered the opinion of the court, January 4th, 1886.

The 8th section of the Act of the 11th of April, 1848, provides: "That judgment shall not be rendered against the wife in such joint action unless it shall have been proved that the debt sued for in such action was contracted, or incurred, for articles necessary for the support of the family of the said husband and wife." As, according to the cases of Murray v. Keyes (11 Ca. 384), and Parke v. Kleeber (1 Wr. 251), the word "or," as found in the above recited section, must read "and," there can be no judgment against a feme covert except on proof that the debt was contracted by the wife, "and incurred for articles necessary for the support of the family of

[Noble *v.* Kreuzkamp.]

said husband and wife." Now, as the judgment in the case before us was rendered in the Common Pleas, on a motion for want of appearance, clearly the statutory proof was wanting, and the court had no warrant for its action. But more than this, the proceedings before the alderman were *coram non judice*, since her liability, as defined by the Act, nowhere appears on the face of his transcript. It follows that his judgment as to her was not merely ,voidable, but absolutely void: Hecker *v.* Haak, 7 Nor. 238. There was, therefore, nothing in the Common Pleas which gave it jurisdiction over the person or estate of the married woman, defendant; for the appeal, being from a void judgment, it brought into that court nothing upon which it could act.

The judgment of the Court of Common Pleas, so far as it affects Mrs. Gould, is now reversed and set aside.